IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAMUEL EDUARDO AREVALO HERNANDEZ,

      Petitioner,

v.                                                                      No. 1:26-cv-01887-KG-DLM

TODD BLANCHE, et al.,

      Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Samuel Eduardo Arevalo Hernandez's Amended Petition for a Writ of Habeas Corpus, Doc. 9, and the Government's Response, Doc. 10. Because Petitioner presents a purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his petition for the reasons below.

### I.    *Background*

Petitioner, a 20-year-old native and citizen of Guatemala, entered the United States as an unaccompanied minor in 2022. Doc. 9 at 12–13. Petitioner was released to a relative in Minnesota under a sponsor care agreement. *Id.* The Department of Homeland Security ("DHS") issued him a Notice to Appear ("NTA"), charging him as inadmissible and initiating removal proceedings against him. *Id.* Petitioner applied for asylum and withholding of removal, and for Special Immigrant Juvenile ("SIJ") status. *Id.*

DHS approved Petitioner's SIJ petition in 2024. *Id.* at 14. It also granted him deferred action for a four-year period, until 2028, protecting him from removal so that he could apply to adjust his status. *Id.* It also allowed him to apply for work authorization, which he obtained. *Id.* Shortly thereafter, an immigration judge granted Petitioner's unopposed motion to dismiss his removal proceedings, based on his pending SIJ petition. *Id.*

1

When Petitioner arrived in Minnesota, he enrolled in the local high school and was a full-time student until the date of his arrest.  *Id.* at 14.

On January 13, 2026, Petitioner was arrested and charged with violating Minnesota's statutory rape law.  *Id.* at 15.  He was released on conditions into the community and has not been convicted.  *Id.*

Within a week of his appearance in the criminal matter, Immigration and Customs Enforcement ("ICE") agents arrested Petitioner and placed him in immigration detention in Texas.  *Id.*  DHS initiated new removal proceedings against him.  *Id.* at 16.  On May 8, 2026, ahead of a master calendar hearing, DHS moved Petitioner to New Mexico.  *Id.* at 17.  His asylum application remains pending.  *Id.*

Petitioner now challenges his detention without a custody determination on several grounds.  He claims that the Government has violated his procedural due process rights under the Fifth Amendment and the Immigration and Nationality Act ("INA"); his substantive due process rights under the Fifth Amendment; his Fourth Amendment rights to be free from unlawful seizure; his Fourth and Fifth Amendment rights to counsel; and his Sixth Amendment right to a speedy trial.  *See id.* at 20–43.  The Government opposes the petition but acknowledges that this Court recently reached the opposite conclusion in *Patel v. Noem*, 2026 WL 103163 (D.N.M.) on "facts substantially similar to those currently before the Court."  Doc. 10 at 2.

## II.  *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.  Analysis

The Court concludes that (A) Petitioner's detention violates the INA, (B) Petitioner's detention violates the Due Process Clause of the Fifth Amendment, and (C) release is warranted.

### A.  Petitioner's detention violates the INA.

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  First, 8 U.S.C. § 1225 governs noncitizens detained at a port of entry or shortly after entry, who are treated as "[noncitizens] seeking admission into the country." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020).  Absent exceptions irrelevant here, § 1225 "mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.).  This regime includes noncitizens who express a fear of persecution during expedited removal and "shall be detained" while their credible-fear claims are adjudicated.  *See* 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).

By contrast, 8 U.S.C. § 1226(a) sets forth "the default rule" for detaining noncitizens "already in the country." *Jennings*, 583 U.S. at 303.  Section 1226(a) authorizes the arrest and detention of noncitizens, "on a warrant issued by the Attorney General...pending a decision on whether [they are] to be removed."  Under federal regulations, a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing at the "outset of detention." *Jennings*, 583 U.S. at 306.

Consistent with the overwhelming majority of district courts to consider the issue, the Court concludes that § 1226(a) governs here.[1]  *See Barco Mercado v. Francis*, 2025 WL

---

[1] There is currently a circuit split on this issue.  The Second Circuit has held that individuals like Petitioner are entitled to a bond hearing under § 1226(a).  *See Cunha v. Freden*, ---- F.4th ----, 2026 WL 1146044 (2d Cir. 2026).  The Fifth and Eighth Circuits have reached the

3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts). Petitioner entered the United States in 2022 and was released under a sponsor care agreement to a relative in the interior. Doc. 9 at 12–13. For approximately four years, he has resided in Minnesota and attended high school. *Id.* And he has been charged as inadmissible and placed in full removal proceedings. *Id*. at 16–17. ICE detained him in the interior while those proceedings remained ongoing. *Id.* While Petitioner is facing criminal charges in Minnesota, he has not been convicted, and an immigration judge has not made any determination that those charges render him a danger to the community. *Id.* Rather, Petitioner has not received an opportunity to challenge his detention through a bond determination hearing. *Id.* at 25. Petitioner is therefore a noncitizen detained "pending a decision on whether [he is] to be removed," and his detention is governed by § 1226(a). *See Jennings*, 583 U.S. at 303.

Moreover, this Court's prior decisions control. The Government concedes that the material facts here are "substantially similar" to those in *Patel v. Noem*, 2026 WL 103163 (D.N.M.), where the Court concluded that § 1226 governs. Doc. 10 at 2. The Court has reached the same conclusion in numerous similar cases. *See, e.g.*, *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *3 (D.N.M.); *Arroyo Lopez v. Noem*, 2026 WL 776332, at *3 (D.N.M.); *Aguilar v. Lyons*, 2026 WL 851237, at *2 (D.N.M.). Because the Government offers no new basis for Petitioner's continued detention, Petitioner is entitled to relief.

### B.       Petitioner's detention violates the Due Process Clause.

---

opposite conclusion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). The Tenth Circuit has not yet addressed the question.

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693. The Government's power to admit or exclude noncitizens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Given the Government's conduct here, Petitioner "is entitled—as a right—to an individualized bond hearing." *Cortez-Gonzalez v. Noem*, 2025 WL 3485771, at *5 (D.N.M.). Petitioner's continued detention without such review "constitutes an ongoing violation of [his] right to due process." *Id.*

### C. *The proper remedy is release.*

The Court next turns to the appropriate remedy. Federal courts are authorized under § 2243 to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief. *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012); *see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant *any form of relief necessary* to satisfy the requirement of justice") (emphasis in original). Given the Government's conduct here, release is warranted. *See Singh v. Carnes*, 2026 WL 446579, at *1 (D.N.M.) (ordering release where the Government "failed to

articulate a legitimate interest in Petitioner's continued detention"); *Palomeque-Carrion v. Bondi*, 2026 WL 895567, at *2 (D.N.M.) (same).

## IV.   Conclusion

For the reasons above, the Court orders that:

1. The Petition for Writ of Habeas Corpus, Doc. 9, is granted.  The Government shall release Petitioner within 24 hours of this Order.  The Government shall not impose any new conditions of release beyond those in place prior to Petitioner's detention.

2. The Government is enjoined from redetaining Petitioner under § 1226(a) absent a predetention hearing before a neutral immigration judge at which the Government must establish, by clear and convincing evidence, that Petitioner poses a danger or flight risk.[2]

3. The Government shall file a status report within 10 business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

---

[2] This Order does not affect the Government's authority to redetain Petitioner under the mandatory detention provision of 8 U.S.C. § 1231.